IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERRON JOHNSON (#R33482), ) | |
| ) | |
| Petitioner, ) | Case No. 20 C 4438 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| SONJA NICKLAUS, Warden, Dixon ) | |
| Correctional Center, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

On June 26, 2020, pro se petitioner Derron Johnson filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2254(d)(1). Before the Court is Respondent's motion to dismiss Johnson's habeas petition as untimely pursuant to 28 U.S.C. § 2244(d)(1). For the following reasons, the Court grants Respondent's motion and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Background**

Johnson does not present clear and convincing evidence challenging the statement of facts in the last state court decisions addressing his arguments on the merits, and thus the Court presumes those facts are correct for purposes of habeas review. *See* 28 U.S.C. § 2254(e)(1); *Lentz v. Kennedy*, 967 F.3d 675, 678 (7th Cir. 2020). The Court therefore adopts the underlying facts as set forth by the Illinois Appellate Court on direct and post-conviction appeal.

On May 21, 2003, Johnson was charged by indictment with the first-degree murder of John Szilage and the concealment of Szilage's death. Johnson was sixteen-years-old at the time of the murder. A Kane County jury convicted Johnson in May 2004 and the Kane County judge sentenced him to 27 years in prison. Johnson appealed and the Illinois Appellate Court affirmed on

November 20, 2006. The Illinois Supreme Court denied Johnson's petition for leave to appeal ("PLA") on March 28, 2007. Johnson did not file a petition for a writ of certiorari to the United States Supreme Court.

On October 9, 2007, Johnson filed a pro se post-conviction petition under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et. seq.* Johnson, by counsel, filed an amended post-conviction petition in December 2013. The Circuit Court of Kane County dismissed the petition in August 2014, and the Illinois Appellate Court affirmed its judgment on November 3, 2016.

Thereafter, Johnson filed a motion for leave to file a successive post-conviction petition that the Circuit Court denied on July 24, 2017. The Illinois Appellate Court affirmed the Circuit Court on February 20, 2020, and the Illinois Supreme Court denied Johnson's PLA on May 27, 2020. Johnson filed the present habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) in June 2020.

**Legal Standard**

"AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." *Wall v. Kholi*, 562 U.S. 545, 550, 131 S.Ct. 1278, 179 L.Ed. 252 (2011). The one-year period runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

**Analysis**

*Timeliness*

As a starting point in determining whether Johnson's habeas petition is timely, the Court turns to the date upon which Johnson's conviction became final under 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 564 U.S. 134, 149, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012). Johnson's conviction became final on June 26, 2007, which was his deadline for filing a certiorari petition to the United States Supreme Court. *Mayberry v. Dittmann*, 904 F.3d 525, 528 (7th Cir. 2018) (if petitioner does not file a petition for writ of certiorari, "conviction became 'final' for purposes of habeas review when the time for filing a certiorari petition expired 90 days later.").

Johnson then filed his first post-conviction petition on October 9, 2007. Therefore, the one-year limitations period ran for 104 days because a properly filed post-conviction petition tolls the limitations period. *Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020); 28 U.S.C. § 2244(d)(2). The limitations period remained tolled until March 29, 2017, when the Illinois Supreme Court denied Johnson's post-conviction PLA. At that point, Johnson had 261 days left of the one-year limitations period, or until December 18, 2017, to file a timely habeas petition with this Court.

Although Johnson filed a motion for leave to file a successive post-conviction petition in April 2017, that motion did not toll the limitations period because "a request to file a successive petition in Illinois state court does not toll the statute of limitations on actions under § 2254 unless permission is granted." *Martinez v. Jones*, 556 F.3d 637, 639 (7th Cir. 2009). Here, the Circuit Court denied Johnson leave to file his successive post-conviction petition, thus the successive petition did not toll the limitations period.

Johnson had until December 18, 2017 to file his habeas petition, but he did not do so until June 2020. Accordingly, Johnson's habeas petition is untimely unless he can establish equitable or statutory tolling.

*Equitable Tolling*

Federal courts only apply equitable tolling if extraordinary circumstances beyond a petitioner's control prevented the timely filing of his habeas petition. *Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed. 2d 130 (2010). A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented timely filing. *Perry*, 950 F.3d at 412. Equitable "tolling is rare – reserved for those circumstances 'far beyond the litigant's control.'" *Conroy v. Thompson*, 929 F.3d 818, 820 (7th Cir. 2019) (citation omitted).

Under this standard, a petitioner's lack of familiarity with the law or lack of legal training does not trigger equitable tolling. *Socha v. Boughton,* 763 F.3d 674, 685 (7th Cir. 2014); *Taylor v. Michael*, 724 F.3d 806, 811-12 (7th Cir. 2013). Similarly, a petitioner's pro se status does not entitle him to equitable tolling. *Socha,* 763 F.3d at 685; *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008). Generally, attorney err does not amount to an extraordinary circumstance beyond the party's control for equitable tolling purposes, *see Lombardo v. United States,* 860 F.3d 547, 552 (7th Cir. 2017), although complete abandonment by counsel may amount to an extraordinary circumstance. *Schmid v. McCauley,* 825 F.3d 348, 350 (7th Cir. 2016). Here, Johnson does not argue that trial counsel abandoned him – nor is there any such evidence in the record.

Otherwise, construing his pro se filings liberally, *see Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 562 (7th Cir. 2020), Johnson has not pointed to any extraordinary circumstances that prevented him from filing his habeas petition on time. Because equitable tolling does not apply, the Court turns whether statutory tolling applies under the circumstances.

4

*Statutory Tolling*

The statutory tolling provisions under 28 U.S.C. § 2244(d)(1)(B)-(D) include: (1) a state-created impediment that prevented petitioner from filing a timely habeas petition; (2) a newly-recognized constitutional right made retroactive by the Supreme Court; or (3) a newly-discovered factual predicate that petitioner could not have discovered earlier with due diligence. *See Turner v. Brown*, 845 F.3d 294, 297 (7th Cir. 2017). Viewing his pro se filings generously, Johnson does not argue that a state-created impediment prevented him from filing his habeas petition under § 2244(d)(1)(B). *See Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). Likewise, Johnson does not point to a newly-discovered factual predicate under § 2244(d)(1)(D). *See Villanueva v. Anglin,* 719 F.3d 769, 774 (7th Cir. 2013).

As to § 2244(d)(1)(C), Johnson relies on *Miller v. Alabama*, 567 U.S. 460, 470, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), which the Supreme Court made retroactive on collateral review in *Montgomery v. Louisiana*, ⸺ U.S. ⸺, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). *Miller* holds that it is unconstitutional under the Eighth Amendment to sentence a juvenile to mandatory life without parole. Here, Johnson was sentenced to 27 years in prison; therefore, *Miller* cannot be the basis for statutory tolling. Because Johnson has failed to establish statutory tolling, his habeas petition is untimely.

*Certificate of Appealability*

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). Johnson is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336. Under this standard, he must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

As the Seventh Circuit has held "[w]hether a given petition is timely is a question under § 2244, not under the Constitution, and therefore an error in treating a collateral attack as untimely is not enough to support a certificate of appealability." *Owens v. Boyd,* 235 F.3d 356, 358 (7th Cir. 2000) (collecting cases); *see also Young v. United States,* 523 F.3d 717, 718 (7th Cir. 2008). Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Conclusion**

For these reasons, the Court grants Respondent's motion to dismiss Johnson's habeas petition as untimely under 28 U.S.C. § 2244(d)(1) and dismisses this action in its entirety. [12]. The Court further declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Date: 12/2/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge